UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON PATINO,<br><br>           Plaintiff,<br><br>   v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>           Defendant. | Case No. CV 11-10302-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF COMMISSIONER |

**PROCEEDINGS**

On December 15, 2011, Ramon Patino ("Plaintiff or Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Supplemental Social Security Income ("SSI") disability benefits. The Commissioner filed an Answer on April 9, 2012. On August 30, 2012, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision should be affirmed and this case dismissed with prejudice.

# BACKGROUND

Claimant is a 22 year old male who receives Supplemental Security Income benefits based on disability as a child. (AR 26.) As required by law, eligibility for these disability benefits was redetermined under the rules for determining disability in adults when Claimant attained age 18, and on March 13, 2008, Claimant was determined to be no longer disabled as of February 1, 2008. (AR 26.)

Claimant then waived his right to a face-to-face disability hearing, and a Disability Hearing Officer upheld his prior determination on September 18, 2008. (AR 26.) Thereafter, Claimant filed a written request for hearing and appeared and testified at a hearing held on February 15, 2011, in Los Angeles, California[1] before Administrative Law Judge ("ALJ") David A. Agatstein. (AR 26.) Claimant chose to appear and testify without the assistance of an attorney or other representative. (AR 26.) Also appearing and testifying were medical expert ("ME") David B. Peterson, Ph.D., and vocational expert ("VE") Susan D. Green and Aura Izzepi, Claimant's mother. (AR 26.) As Ms. Izzepi spoke only Spanish, a Spanish interpreter was present at the hearing to facilitate with testimony in this case. (AR 26.)

On March 1, 2011, the ALJ issued an unfavorable decision. (AR 26-35.) On September 13, 2011, the Appeals Council denied Claimant's request for review. (AR 6-8.)

# DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises but one issue as a ground for reversal and remand:

1. Whether the ALJ erred in failing to find that Plaintiff met Listing 12.05C.

# STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v.

---

[1] Two prior hearings were held in this case. (AR 26.) On December 4, 2009, the hearing was postponed in order to wait for Claimant's Regional Center evaluation to take place. (AR 26.) Then, on May 6, 2010, the hearing was postponed in order to give Claimant an opportunity to undergo another psychological consultative examination and to wait for the results of his recent Regional Center evaluation. (AR 26.)

Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

**THE SEQUENTIAL EVALUATION**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not

significantly limit the claimant's ability to work. Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen v. Yuckert, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC").[2] 20 C.F.R. § 416.920(e). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p. If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

---

[2] Residual functional capacity ("RFC") is what one "can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff attained age 18 on October 1, 2007, and was eligible for Supplemental Security Income benefits as a child for the month preceding the month in which he attained age 18. (AR 28.) Claimant was notified that he was found no longer disabled as of February 1, 2008 based on a redetermination of disability under the rules for adults who file new applications. (AR 28.)

At step two, the ALJ determined that Plaintiff has the following combination of medically determinable severe impairments: borderline intellectual functioning ("BIF") and attention deficit hyperactivity disorder ("ADHD"). (AR 28-29. )

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. (AR 29-30.)

The ALJ then found that since February 1, 2008, Plaintiff had the RFC to perform a full range of work at all exertional levels but with the following nonexertional limitations: Claimant is limited to simple repetitive tasks. (AR 31.) In determining this RFC, the ALJ also made an adverse credibility determination, which is not challenged. (AR 32-33.)

At step four, the ALJ found that Plaintiff was capable of performing past relevant work ("PRW") as a hand packager. (AR 33.) The ALJ also found that considering Claimant's age, education, work experience, and RFC, Claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. (AR 34-35.)

Consequently, the ALJ concluded that Claimant is not disabled within the meaning of the Social Security Act. (AR 35.)

## DISCUSSION

Plaintiff contends that he meets the requirements of Listing 12.05C, and thus the ALJ erred in not finding Plaintiff disabled at step three of the sequential process. The Court disagrees.

The ALJ determined at step three of the sequential process that Plaintiff did not have an impairment or combination of impairments that meets or medically equals a listed impairment.

(AR 29.) The ALJ specifically considered Listing 12.05C and determined that Plaintiff did not meet the requirements of that Listing. (AR 29-30.) Listing 12.05C, 20 C.F.R. Pt. 404, Subp. P, App. 1, provides as follows:

> 12.05 <u>Mental Retardation</u>: Mental retardation refers to significantly sub-average general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period, <u>i.e.</u>, the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity is met when the requirements in A, B, C or D are satisfied.
>
> * * *
>
> C. A valid verbal, performance of full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function.

Listing 12.05C in effect requires consideration of whether the combined effects of multiple impairments equal a listing.

There is no dispute that Plaintiff meets the first part of Listing 12.05C, requiring an IQ score in the 60-70 range. The ALJ made a finding that Plaintiff has the severe medical impairment of borderline intellectual functioning. (AR 28.) The ALJ acknowledged that Plaintiff has had IQ scores that range between 60 and 70. (AR 30.)

The ALJ also made a finding that Plaintiff has the medically severe impairment of attention deficit hyperactivity disorder (ADHD). (AR 28.) Plaintiff contends that the ALJ's finding that Plaintiff's ADHD impairment is severe means that Plaintiff meets or equals Listing 12.05C and thus requires a determination of disability. The Court disagrees.

Ordinarily, the level of severity in the listings is not defined in terms of the residual functional capacity of the claimant. SSR 83-19, at *2. The ALJ generally is not to consider whether a listing is equaled "on the basis of overall functional impairment." SSR 83-19, at *3. The ALJ is not to consider vocational factors of age, education and work experience. 20 C.F.R. 404 § 1526(c).

SSR 83-19, however, makes clear that functional capacity or functional limitations of an impairment are to be considered if the particular listing calls for a measure of functional limitation:

> The "level of severity" of impairments in the listing is not defined in terms of the residual functional capacity ("RFC") of the individual. When certain functional limitations <u>are</u> specified for a listed impairment, they relate only to the degree of dysfunction for that particular listing section.

SSR 83-19, at *2.

Listing 12.05C specifies a functional limitation. It requires "a physical or other mental impairment imposing an additional and significant work-related limitation of function." Thus, Plaintiff is incorrect in asserting that the ALJ's finding that Plaintiff has the severe mental impairment of ADHD is sufficient by itself to satisfy Listing 12.05C. Plaintiff also has the burden to demonstrate that his ADHD impairment imposes "an additional or significant work-related limitation of function." Plaintiff does not address this requirement.

The ALJ found that Plaintiff's ADHD "does not affect his ability to maintain focus and concentration to a degree that his condition would meet the requirements of Paragraph C." (AR 30.) The ALJ also relied heavily on the opinion of medical expert Dr. David Peterson, Ph.D., who testified that Plaintiff would be able to perform simple, repetitive tasks, notwithstanding his mental impairments. (AR 33.) Plaintiff does not challenge Dr. Peterson's opinion or even mention it. Dr. Peterson's opinion was consistent with other medical opinions in the case. Dr. Colonna, a consulting psychological examiner, opined that Plaintiff could carry out "short, simplistic instructions without difficulty" and "simplistic work-related decisions without special supervision." (AR 296.) Another consulting psychological examiner, Dr. Riahinejad, also stated that Plaintiff could carry out simple and repetitive instructions. (AR 227.) So did State reviewing psychiatrist Dr. C. H. Dudley. (AR 290.) Additionally, the South Central Los Angeles Regional Center concluded Plaintiff was not developmentally disabled, and recommended Claimant receive remedial and vocational assistance and enroll in a job training program. (AR 32.)

The ALJ also made an adverse credibility finding that Plaintiff's impairments are not as severe as alleged. (AR 33.) Significantly, Plaintiff does not dispute this finding.

The ALJ's finding that Claimant does not meet or equal the requirements of Listing 12.05C is supported by substantial evidence and must be upheld. Warre v. Comm'r of Soc. Sec. Admin., 439 F.3d 1001, 1006 (9th Cir. 2006). The ALJ's non-disability determination is supported by substantial evidence and free of legal error.

## ORDER

IT IS HEREBY ORDERED that the decision of the Commissioner of Social Security is AFFIRMED and this case dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: September 17, 2012              */s/ John E. McDermott*
                                        JOHN E. MCDERMOTT
                                        UNITED STATES MAGISTRATE JUDGE